# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-20006 |
| JOSE MEDINA, JR., | ) 12-02195 |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On September 28, 2009, defendant Jose Medina, Jr. pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine (docs. 18, 19). Under the terms of the plea agreement, Mr. Medina waived the right to appeal or collaterally attack his sentence, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (doc. 19). On February 2, 2010, the defendant received a 97-month prison sentence (doc. 29). He did not file a direct appeal. On March 31, 2011, Mr. Medina filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 89). That motion was dismissed as untimely (doc. 100).

Mr. Medina's case is again before the court on a second motion to vacate, set side, or correct his sentence pursuant to 28 U.S.C. § 2255 (docs. 105, 107). The defendant requests permission challenge his conviction and sentence on several grounds because

1

he did not realize that he "should have raised the issues" in his original § 2255 petition (doc. 105, at 1). In response, the government filed a motion to dismiss defendant's motion as an unauthorized second or successive § 2255 petition (doc. 110). For the reasons set forth below, Mr. Medina's motion to vacate is dismissed, and the government's motion to dismiss is granted.

**1. Second or Successive § 2255**

As noted above, Mr. Medina has previously filed a § 2255 petition. In his present motion, the defendant asserts: (1) the government lacked subject matter jurisdiction to prosecute him due to lack of evidence; (2) the forfeiture of the defendant's property was based upon a fraudulent plea agreement due to lack of evidence; (3) 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 are unconstitutional because they promote "constant contact" between the prosecutor and defense counsel; and (4) defense counsel coerced the defendant to plead guilty knowing that there was no evidence to prove guilt (doc. 107). Mr. Medina further argues that his motion cannot be construed as a second or successive habeas petition because he is challenging the court's subject matter jurisdiction, a claim he contends can never be procedurally barred (*id.*).

Each of Mr. Medina's claims challenge the validity of his conviction. The "exclusive remedy for testing the validity of a judgment and sentence, unless [the remedy] is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Mr. Medina offers no suggestion that § 2255 is an inadequate or ineffective remedy. As such, the court finds that Mr. Medina's § 2255 motion is a second habeas petition.

In order to file a second or successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2244(b)(3). The court of appeals then may grant permission to file a second or successive motion only if the applicant meets certain criteria. § 2255(h). Specifically, the applicant must show either "(1) the existence of newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Where a petitioner files a second or successive § 2255 motion with the district court, the matter shall be transferred to the court of appeals only "if it is in the interest of justice" to do so. 28 U.S.C. § 1631. In deciding whether a transfer is in the interest of justice, the district court should consider whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

Here, Mr. Medina's prior § 2255 petition was dismissed as untimely. The defendant does not suggest that his present motion was timely filed, nor does he assert that equitable tolling of the § 2255 limitations period is warranted in this matter. Thus, the court finds that Mr. Medina's present § 2255 petition would be time barred if filed

anew with the Tenth Circuit Court of Appeals, and therefore, it is not in the interest of justice to transfer the matter.

As such, this court has no choice but to dismiss Mr. Medina's motion for lack of jurisdiction.

## 2. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons set forth, Mr. Medina has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

---

[1] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (docs. 105, 107) is dismissed. The court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED BY THE COURT** that government's Motion to Dismiss (doc. 110) is granted.

**IT IS SO ORDERED** this 13th day of July, 2012.

> *s/ John W. Lungstrum*
> John W. Lungstrum
> United States District Judge